**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-2449
_____

UNITED STATES OF AMERICA

v.

GREGOIRE GEORGE,
                                        Appellant

_____

On Appeal from the District of the Virgin Islands
(D.C. No. 1-14-cr-00022-1)
District Judge:  Honorable Wilma A. Lewis

_____

Argued on May 16, 2016

Before:  FUENTES,[*] VANASKIE, and RESTREPO, *Circuit Judges*

(Filed: August 8, 2016)

Omodare B. Jupiter **[ARGUED]**
Office of Federal Public Defender
1115 Strand Street, Suite 201
Christiansted, VI 00820

*Counsel for Appellant*

David W. White **[ARGUED]**
Rami S. Badawy
Ronald W. Sharpe
Office of United States Attorney

---

[*] Honorable Julio M. Fuentes assumed senior status on July 18, 2016.

5500 Veterans Building, Suite 260
United States Courthouse
St. Thomas, VI 00802

*Counsel for Appellee*

———————————

OPINION**

———————————

FUENTES, *Circuit Judge*:

Gregoire George appeals his convictions for possession of prison contraband and promoting dangerous prison contraband. For the following reasons, we will affirm.

**I.**

George was an inmate at Golden Grove Adult Correctional Facility in St. Croix, Virgin Islands when a random search of his prison cell uncovered a metal shank and a cellular phone.[1] The shank was found under George's mattress. The cell phone was found in plain view. George was charged with two counts of possession of prison contraband, in violation of 18 U.S.C. § 1791(a)(2), and one count of promoting dangerous prison contraband, in violation of 14 V.I.C. § 665(a)(2) and (b).

The District Court initially scheduled trial for July 2014. Shortly before trial was set to begin, and well after the discovery deadline had passed, the Government discovered and subsequently disclosed to George a videotape showing the search of George's prison cell. George moved to exclude the video on untimeliness grounds. The

———————————

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] George has since been transferred to a detention facility in Florida. Appellant Br. 4.

2

Government did not object, and agreed to not use the video in its case-in-chief. Accordingly, the District Court granted George's motion.

George's trial finally commenced in January 2015 after months of mutual delay. On the morning of trial, the Government asked the District Court to reconsider its earlier order excluding the videotape. It argued that because the trial was pushed back six months, George could no longer claim that he did not have adequate time to review the video. The Government explained that it had advised George of its intention to offer the video into evidence through a letter dated November 6, 2014. The District Court ultimately allowed the videotape in, with no contemporaneous objection from George at trial.

The jury found George guilty on all three counts after a one-day trial in which the jury heard testimony from Deputy Darby Kirby of the U.S. Marshal Service, as well as from prison officers Edwin Joseph and Omar Samuel. George was sentenced to 34 months' imprisonment, to be served consecutively with the term he is currently serving. This appeal followed.[2]

## II.

George appeals his convictions on three grounds. First, he argues that the District Court erred in reversing its initial decision to exclude the videotape search of his prison cell. Second, he argues that the District Court erred in limiting his cross-examination of Officer Joseph. Third, he argues that the District Court erred when it allowed Officer

---

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and 48 U.S.C. § 1612. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

Joseph to testify about how he knew George was the only prisoner assigned to his cell. We review all of George's arguments for abuse of discretion.[3]

## A. The Videotape

George first argues that the District Court erred by granting the Government's motion to reconsider its initial decision to exclude the videotape. He claims that he suffered significant prejudice from the admission of the video, since he planned his trial strategy around its absence. His argument is unconvincing.

We find it well within the District Court's discretion to reverse its initial decision to exclude the video, since the factual circumstances surrounding that decision changed markedly.[4] The sole reason for initially excluding the videotape was the Government's untimely disclosure. Indeed, George moved to exclude the videotape specifically because he received it after the discovery deadline. This argument became moot once the trial was pushed back. From when the video was disclosed in July 2014, to the

---

[3] *See United States v. John-Baptiste*, 747 F.3d 186, 211 (3d Cir. 2014) ("We review any restriction on cross-examination for abuse of discretion and will reverse only when the restriction is so severe as to constitute a denial of the defendant's right to confront the witnesses against him . . . and is prejudicial to [his] substantial rights." (internal quotation marks omitted)); *United States v. Berrios*, 676 F.3d 118, 125 (3d Cir. 2012) ("We exercise plenary review over Confrontation Clause challenges, but review a nonconstitutional challenge to the admission of hearsay for abuse of discretion." (internal citations and quotation marks omitted)); *United States v. Starnes*, 583 F.3d 196, 213-14 (3d Cir. 2009) ("We review a trial court's decision to admit or exclude evidence for abuse of discretion.").

[4] The Government argues that we review the District Court's decision to admit the videotape not for abuse of discretion but for plain error, since George's counsel did not contemporaneously object to the admission at trial. Under either standard, however, George's argument fails.

rescheduled trial in January 2015, George had six months to review it and formulate objections to its admission at trial.

Significantly, two months before trial, the Government sent George a letter advising him of its intention to introduce the video at the re-scheduled trial.[5] George does not deny that he received this letter and, indeed, acknowledged the letter in his briefing. The District Court found this letter significant: "After looking at this letter, and recognizing that the circumstances that existed for the previous order do[] not [apply] today, again, in light of this letter, I will allow the government to proceed with the exhibit and use it in its case in chief."[6] We agree that any prejudice caused by the initially late disclosure of the video dissipated when the trial was pushed back and the Government notified George of its intention to introduce the video.[7]

## B. Cross-Examination of Officer Joseph

George next argues that the District Court improperly curtailed two lines of questioning during his cross-examination of Officer Joseph. First, George contends that he should have been permitted to ask Officer Joseph whether he ever investigated other prison guards for bringing cell phones into the prison, and whether he himself had ever been investigated for bringing a cell phone into the prison. Second, George argues that

---

[5] The letter states: "[P]lease accept this letter as notice of the United States' intent to offer a video of the search of Defendant's cell. This video was previously provided to you on July 3, 2014." J.A. 38.

[6] J.A. 56.

[7] George's argument that the Government should have raised the videotape issue at the pretrial conference held the day before trial is likewise unconvincing. George does not articulate how the Government's failure to address this issue the day before trial, as opposed to the morning of, prejudiced him in any way.

he should have been allowed to ask Officer Joseph whether he ever investigated incidents where inmates were found in cells they were not supposed to be in. The District Court sustained the Government's objections to these lines of questioning on relevancy grounds. George contends that, as a result, he suffered prejudice since these questions were essential to negate the Government's theory that he was the only person who could have placed the contraband in the cell. Again, his argument is unconvincing.

The District Court did not abuse its discretion by curtailing either of George's lines of questioning. Both inquiries sought to show that George was not the only individual who could have placed the contraband in the cell. These inquiries are irrelevant, however, to the ultimate question of whether George knowingly possessed, not owned, the contraband.[8] Possession may be actual or constructive. "Constructive possession occurs when a person who, although not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing . . . ."[9] As the District Court correctly instructed: "[If] Mr. George had the ability, power, and intent to take actual possession of the object when he wanted to do so, you may find that the government has proven possession. Possession may be momentary, may be fleeting. Proof of ownership is not required."[10] Thus, any inquiry into whether

---

[8] *See United States v. Holmes*, 607 F.3d 332, 336-37 (3d Cir. 2010) (explaining that a conviction under 18 U.S.C. § 1791 for possession of prison contraband requires proof that the inmate knowingly possessed the prohibited object).

[9] *United States v. Benjamin*, 711 F.3d 371, 376 (3d Cir. 2013) (emphasis and internal quotation marks omitted).

[10] J.A. 215.

6

someone other than George placed the contraband in his cell is irrelevant to the ultimate question of whether George knowingly possessed the contraband.[11]

## C. Officer Joseph's Testimony Regarding Cell Assignments

Lastly, George argues that the District Court erred in denying his motion to strike as hearsay Officer Joseph's testimony regarding who occupied the cell in which the contraband was found. On cross-examination, Officer Joseph testified that he knew that George was the only person assigned to his cell after reviewing a cell assignment sheet. George contends that this testimony was inadmissible hearsay because Officer Joseph had no personal knowledge of the cell assignments and he based his testimony on a cell assignment sheet that he did not himself author.

Even assuming the District Court erred in not striking Officer Joseph's testimony as hearsay, "the improper admission of evidence does not require reversing a conviction if it is highly probable that the error did not contribute to the judgment."[12] Here, there was other testimony showing that George was the only occupant of the cell. Officer Joseph and Officer Samuel testified that George was the only inmate in the prison cell when they searched it. Officer Samuel also testified that the top bunk in the cell was used to store commissary items, not for sleeping. Against this evidence, George simply cannot

---

[11] We also reject George's argument that the District Court prevented him from exposing "the possible biases and motivation of Officer Joseph," Appellant Br. 30, since George was able to inquire into Officer Joseph's credibility and trustworthiness through other lines of questioning.

[12] *United States v. Cross*, 308 F.3d 308, 326 (3d Cir. 2002) (internal quotation marks omitted).

establish that admitting Officer Joseph's testimony regarding the cell assignment sheet was anything but harmless error.

## III.

For the foregoing reasons, we conclude that the District Court did not err in admitting the videotape, in circumscribing Officer Joseph's testimony on cross-examination, or in admitting Officer Joseph's alleged hearsay testimony regarding the cell assignment sheet. We will therefore affirm George's convictions.